UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:22-CV-00431

ANTHONY S. VOLTZ,

    Plaintiff,

vs.

TA OPERATING LLC, a Foreign Limited
Liability Company, d/b/a TRAVEL
CENTERS OF AMERICA; HPT TA
PROPERTIES TRUST, a Declaration of
Trust; and JAMES R. SIMMONS, JR.,
Individually,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS', TA OPERATING LLC, d/b/a TRAVELCENTERS OF AMERICA AND HPT TA PROPERTIES TRUST, MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 26 AND THIS COURT'S ORDER OF OCTOBER 27, 2022

COMES NOW the Plaintiff, ANTHONY S. VOLTZ, by and through his undersigned counsel and hereby files Plaintiff's Response to Defendants', TA OPERATING LLC, D/B/A TRAVEL CENTERS OF AMERICA (hereinafter "TA Operating") and HPT TA PROPERTIES TRUST (hereinafter "HPT TA"), Motion to Strike Plaintiff's Expert Witness for Failure to comply with Federal Rule of Civil Procedure 26 and This Court's Order of October 27, 2022, and requests that this Court deny Defendant's aforementioned Motion To Strike and states as follows:

### FACTUAL BACKGROUND

Plaintiff Anthony Voltz filed his Complaint against foregoing Defendants on September 13, 2022 alleging negligence on behalf of Defendants TA Operating and HPT TA due to conditions on Defendants' property located at 556 FL-44, Wildwood, FL 34785 that allowed for a years-long unsafe premises on which countless patrons and employees have been subjected to violence, theft,

1

and a series of other criminal incidents. (Exhibit A). It is further alleged that due to these conditions, while Plaintiff was stopped to rest at Defendants', TA Operating's and HPT TA's, truck stop for a few of the early morning hours of May 31, 2020. (Plaintiff's deposition 1/25/2023 p. 58 9:9-18)(Exhibit B). Shortly after stopping to rest, Plaintiff chose to urinate outside near his own truck due to fear at the height of the COVID-19 pandemic as his long-time girlfriend suffers from an auto-immune disorder.(Plaintiff's deposition 1/25/2023 p. 68:12-69:1) (Exhibit B). While returning to his vehicle, Plaintiff was confronted in the darkness by Defendant James R. Simmons who ultimately fired a single round from his sidearm into Plaintiff's forehead at point blank range which Plaintiff ultimately somehow survived.(Plaintiff's deposition 1/25/2023 p. 75:20-76:1)(Exhibit B). Plaintiff has alleged that the poor security conditions on Defendants', TA Operating's and HPT TA's, property ultimately led, or contributed in significant part, to the events of May 31, 2020. (Exhibit A).

On September 27, 2022, Defendants TA Operating filed their Notice of Removal. [Docket Number 1]. Thereafter, on October 27, 2022, this Court entered its Case Management and Scheduling Order establishing deadlines for the litigation of the instant cause of action and guidelines thereto, to include the following deadlines which bear relevance to the matter at hand: Plaintiff(s) Expert Disclosure (February 15, 2023), Defendants(s) Expert Disclosure (March 15, 2023), Discovery Deadline (April 15, 2023), Dispositive Motion Deadline (May 15, 2023), and Daubert Motion Deadline (May 15, 2023). [Docket Number 14].

Approximately thirty-nine (39) days later on December 5, 2022, undersigned counsel was diagnosed with multiple fractures to his dominant wrist, among a number of externalities resulting therefrom was the inability to complete work or tasks at half the regular pace of a similarly situated attorney for a period of more than two months and the effects of which are still ongoing. Complicating matters further, undersigned counsel thereafter contracted a significant case of

COVID-19 on or about January 11, 2023 in the midst of attempting to regain use of his dominant hand.

On February 15, 2023, Plaintiff served his Expert Witness List on Defendants disclosing therein Michael Gerard, an expert in the field of premises security, and attaching thereto Mr. Gerard's curriculum vitae. (Composite Exhibit C). Additionally, Plaintiff disclosed his treating doctors related to the shooting of May 31, 2020.(Composite Exhibit C).

On March 14, 2023, counsel for Defendants TA Operating and HPT TA contacted counsel for the Plaintiff inquiring as to the report of Mr. Michael Gerard and therein made mention of no other potential issues, to include the subject matter of Count II of Defendants' Motion to Strike Plaintiff's Expert Witness for Failure to comply with Federal Rule of Civil Procedure 26 and This Court's Order of October 27, 2022 [Docket Number 14]. The Defendants' objections to the disclosures of Plaintiff's treating medical providers only became known to Plaintiff upon Defendants' filing of its Motion to Strike, a clear violation of Middle District of Florida Local Rule 3.01(g).

Thus far during the litigation of this matter, Defendant TA Operating has issued no fewer than forty-two (42) separate subpoenas to non-parties across three separate dates (November 15, 2022; November 30, 2022; and January 31, 2023) in efforts to obtain information relevant to Plaintiff's medical treatment resulting from the alleged incident of May 31, 2020 as well as his current medical condition, none of which Plaintiff has objected to and nearly all of which constitute the opinions of Plaintiff's treating medical providers. (Composite Exhibit D).

Lastly, the day prior to the filing of Defendants' Motion to Strike, Plaintiff conferred with Counsel for all Defendants regarding what would become Plaintiff's Motion For Extension of Deadlines, a motion which Defendant James R. Simmons agreed in light of numerous discovery

3

problems that have arisen in the course of litigation which are outside the control of the parties. [Docket Number 24].

The issues which have given rise to Defendants' Motion to Strike result from issues which are supported by substantial justification, which are in fact clearly harmless, for which fair relief has been sought, and indeed are pled in defiance of Local Rule 3.01(g)

**Plaintiff's Counsel's Health Conditions Caused Delays in the Discovery Process and Errors in Submission of Required Expert Disclosures and Any Harm Caused to Defendants is Harmless**

Plaintiff concedes, as he must, that no expert report was disclosed to Defendants in this matter on February 15, 2023 as was required by this Court's October 27, 2022 Case Management and Scheduling Order and that the plain language of Rule 26(a)(2)(B) requires such disclosure in conjunction with the listing of Plaintiff's expert, Michael Gerard. There can be no equivocation by counsel for Plaintiff on this point and that Defendants are entitled to a report from Mr. Gerard which lays out the opinions to which he shall testify at trial. *See* Rule 26(a)(2)(B), Fed. R. Civ. P.

In recognition of this fact, Plaintiff argues that this failure, and the other failure/s alleged by Defendants, were the result of a series of events that rendered counsel for Plaintiff temporarily physically unable to properly work. On or about December 5, 2022, Plaintiff's counsel was diagnosed with multiple fractures of his dominant hand, the end result of which was the unavoidable delay of work on all cases on which the undersigned was counsel of record. Rule 37(c)(1) is instructive and relevant on this matter:

*Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was **substantially justified or is harmless**.

Rule 37(c)(1), Fed. R. Civ. P. (emphasis added).

Again controlling and relevant on this matter are voluminous cases which have emanated from the Middle District of Florida that interpret what the term "substantially justified or harmless" is to mean.. Though the factors considered by the Court may vary, the most common appears to be a five prong test. *See Nolen v. Fairshare Vacation Owners Ass'n*, No. 6:20-cv-330-PGB-EJK, 2022 U.S. Dist. LEXIS 12305 (M.D. Fla. Jan. 21, 2022); quoting *Lips v. City of Hollywood*, 350 F. App'x 328 (11th Cir. 2009))(Stating that the factors in determining whether a failure to disclose is justified, courts should consider the explanation for the failure to disclose, the importance of the information, and any prejudice to the opposing party if the information is admitted). *See WhereverTV, Inc. v. Comcast Cable Communs., LLC*, No. 2:18-cv-529-WJF-NPM, 2023 U.S. Dist. LEXIS 56897 (M.D. Fla. Mar. 31, 2023); quoting *Mobile Shelter Sys. USA v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241 (M.D. Fla. 2012)(Providing that the factors to be considered in determining "substantial justification" are unfair prejudice or surprise to the opposing party, opposing party's ability to cure the surprise, likelihood and extent of disruption to the trial, importance of the evidence, and explanation for the failure); *See Dover Shores Shell, Inc. v. Scottsdale Ins. Co.*, No. 6:22-cv-167-PGB-DCI, 2023 U.S. Dist. LEXIS 38975 (M.D. Fla. Mar. 8, 2023)(Affirming that five factors to be considered in determining "substantial justification" again are surprise to the opposing party, ability of the opposing party to cure the surprise, extent to which allowing the evidence would disrupt trial, importance of the evidence, and the non-disclosing party's explanation for failure to disclose).

In applying the five prong test articulated in cases such as *WhereverTV, Inc. v. Comcast Cable Communs.*, it becomes clear that these factors should not dictate the Plaintiff's retained expert, nor non-retained experts, be stricken as requested by Defendants TC Operating and HPT TA. No. 2:18-cv-529-WJF-NPM, 2023 U.S. Dist. LEXIS 56897 (M.D. Fla. Mar. 31, 2023).

First, Defendants have in their possession the name of Michael Gerard, Michael Gerard's CV (though this was otherwise depicted by Counsel for Defendants TA Operating and HPT TA, this is clearly either accidentally or intentionally false), and a brief description of what it is that Mr. Gerard would testify to in a general sense. (Composite Exhibit C). Additionally, there lies between the parties to this action and their trial date yet a full eight (8) months in which to determine the nature of the opinions of Plaintiff's retained experts as well as the opinions of Plaintiff's treating medical providers – the discovery requests made regarding the latter by Counsel for the moving Defendants has yet to be objected to by Plaintiff across voluminous discovery requests to include forty-two (42) separate Non-Party Subpoenas.

Second, the opposing party to Plaintiff's violation is in itself a debatable fact for it is worthy of note that not only did Defendant James R. Simmons not join in Defendants' TA Operating and HPT TA's Motion to Strike, but rather Defendant James R. Simmons in fact agreed to Plaintiff's Motion For Extension of Deadlines. [Docket Number 24]. That said, the ability of Defendants' TA Operating and HPT TA to cure the surprise of Plaintiff's admitted violation is remarkably clear: there again lies nearly a year between the date of this filing and the trial term in this Court's Case Management and Scheduling Order. Indeed, Plaintiff offered a good faith resolution to this issue that would cure each and every concern alleged in Defendants' Motion to Strike by offering to extend *all* expert disclosure deadlines, a resolution to which Defendants' Co-Defendant James R. Simmons agreed.

Third, the likelihood and extent to which this matter would disrupt trial are both answered definitively as being next to none should this Court deny Defendants' Motion to Strike and, alternatively grant Plaintiff's Motion For Extension of Deadlines. Contained in Paragraph Eight (8) of Plaintiff's Motion For Extension of Deadlines were the following proposed dates:

"The Plaintiff respectfully requests that this Court extend the below deadlines as follows:

      a. Plaintiff's Expert Disclosure: May 15, 2023;

      b. Defendants' Expert Disclosure: June 15, 2023;

      c. Discovery Deadline: July 15, 2023;

      d. Dispositive Motion Deadline: August 15, 2023; and

      e. Daubert Motion Deadline: August 15, 2023."

Plaintiff's Motion for Extension of Deadlines [Docket Number 24].

    The proposed deadlines indeed leave no less than nearly five (5) months prior to this court's January 2024 trial term. Imminently relevant to this consideration by this Court is the fact that all parties to this matter submitted a Uniform Case Management Report to this Court on October 27, 2022 and therein the parties proposed deadlines which would have left just one hundred eight (108) days between the Defendants' expert disclosure deadline and the month and year of the proposed trial term. [Docket Number 14]. The deadlines which were proposed by Plaintiff in his Motion for Extension of Deadlines would allow for one hundred sixty-five (165) days between these two important dates. The simple mathematical fact of the matter is that should this Court deny Defendants' Motion to Strike Plaintiff's Expert Witness for Failure to comply with Federal Rule of Civil Procedure 26 and This Court's Order of October 27, 2022 and grant Plaintiff's Motion for Extension of Deadlines, all Defendants to this cause of action will still have 53% more time to prepare for jury trial than under the deadlines the Defendants themselves originally chose.

    Next, the Plaintiff in no way contests the importance of the evidence that would be offered at trial or in motions practice by its retained expert Michael Gerard or Plaintiff's treating medical providers. Again, Defendants are entitled to timely disclosure, to a report from Michael Gerard, the ability to determine whether deposition of Michael Gerard is necessary, and to more specific information regarding the testimony to be offered by Plaintiff's treating medical providers – all of which Plaintiff will provide to Defendants long before the trial term.

7

Finally, the explanation offered by Plaintiff is that Plaintiff's counsel was rendered physically unable to perform work at the same level as a healthy attorney during a span of time that traversed the vast majority of time between the filing of this Court's Case Management and Scheduling Order and Plaintiff's Expert Disclosure Deadline (a period of time beginning three days prior to the December 5, 2022 diagnosis and well into March of 2023, indeed the symptoms of this unfortunate circumstance continue through to this day and have caused this very response to be submitted in the late hours of the night). The import of this time period is clear: the ability of undersigned counsel to carry out the necessary tasks required to conduct discovery and tasks of a general nature was significantly, negatively impacted – a fact that the undersigned counsel's calendar is a testament to (and upon request or order of this Court, undersigned counsel is ready and willing to provide his own diagnostic films and calendar as proof of Plaintiff's claims).

However, this fact was not a surprise to any party to this litigation, in fact it was discussed in the moments prior to, and following, the deposition of the Plaintiff which occurred on January 25, 2023 and counsel for the Plaintiff appeared for this video deposition wearing a necessary brace. (Exhibit E). It is Plaintiff's position that this explanation does not amount to dilatory nor intentional conduct whatsoever and at worst constitutes oversights resulting from a serious injury to Plaintiff's attorney which occurred on December 4, 2022.

In summation, Plaintiff admits to the violations alleged by Defendants TA Operating and HPT TA and acknowledges that Defendants are entitled to the information they seek. However, the remedy requested by Defendants is remarkably severe, especially where another remedy may be granted which addresses all of Defendants concerns. Indeed, contained in Defendants Motion to Strike Plaintiff's Expert Witness for Failure to comply with Federal Rule of Civil Procedure 26 and This Court's Order of October 27, 2022 are exactly six mentions of derivatives of the word "prejudice" – of these three are contained within citations, and the remainder are as follows:

8

1. "…Defendants are prejudiced not only in their ability to engage in discovery and prepare for trial, but also in their ability to select an appropriate expert." (Docket Number 18, P. 7, L. 3-4);

2. "Furthermore, any attempt by Plaintiff at misdirection toward a purported lack of prejudice to Defendant TA is misplaced."(Docket Number 18, P. 13, L. 17-18) ;

3. "Defendant's liability expert's written report is complete, but it is being withheld until this motion has been resolved by this Honorable Court in an attempt to avoid compounding the prejudice already suffered by Defendants due to Plaintiff's failures to comply with the Federal Rules and this Court's Order requiring staggered expert disclosures such that Plaintiff's expert report is required to be produced 30 days in advance of Defendants' experts."(Docket Number 18, P.14 , L.12-17) .

Noticeably absent from Defendants' Motion to Strike Plaintiff's Expert Witness for Failure to comply with Federal Rule of Civil Procedure 26 and This Court's Order of October 27, 2022 is any indication as to how Defendants' ability to conduct discovery is hampered by Plaintiff's admitted violations in a substantive fashion in light of the fact that Defendant did in fact retain a liability expert who has authored a complete report. Any prejudice to Defendants caused by Plaintiff's violations as they regard this Court's Case Management and Scheduling Order would be cured by Plaintiff's proposed resolution of these matters that Defendant James R. Simmons also agreed to in light of other issues in completing discovery that were outside the control of the parties and are briefly explained in Plaintiff's Motion For Extension of Deadlines. [Docket Number 24].

**Additionally, Defendants TA Operating and HPT TA Have Openly Violated Local Rule 3.01(g) as Acknowledged in Exhibit C of their Motion to Strike Plaintiff's Expert Witness for Failure to comply with Federal Rule of Civil Procedure 26 and This Court's Order of October 27, 2022**

Finally, by the admission of Defendants TA Operating and HPT TA in Exhibit C of their Motion to Strike Plaintiff's Expert Witness, Defendants did not confer with Plaintiff's counsel regarding any matters concerning the disclosure of Plaintiff's treating medical providers. The e-mail which purports to constitute conferral on this matter makes no mention of Plaintiff's treating medical providers, nor did the voicemail left by Counsel for the Defendants. (Exhibit F). Plaintiff became aware of Defendants' objections to the disclosure of these non-retained experts upon filing of Defendants' March 15, 2023 Motion to Strike Plaintiff's Expert Witness for Failure to comply with Federal Rule of Civil Procedure 26 and This Court's Order of October 27, 2022. As such, Defendants have not complied with Local Rule 3.01(g).

## Conclusion

While Plaintiff does not dispute that Defendant's alleged violations of this Court's Case Management and Scheduling Order, Plaintiff asserts that these violations were substantially justified or harmless and that the resolution proposed by Plaintiff in Plaintiff's Motion For Extension of Deadlines resolve any possible prejudice, if any, to Defendants resulting from Plaintiff's violations. Defendants have also failed to comply with Local Rule 3.01(g) by their own admission. Plaintiff respectfully requests that this Honorable Court Deny Defendants' Motion.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served and E-filed to: Michael Correnti, Esq. (mcorrenti@mtwlegal.com; VoltzvTAOperatingLLC@mtwlegal.com; e.service@mtwlegal.com;) of McDonald Toole Wiggins, P.A., 111 N. Magnolia Ave., Suite 1200, Orlando, FL 32801 (Counsel for TA Operating and HPT TA Properties); and Paul M. Weekley, Esq. (service@wsvlegal.com; lcrouch@wsvlegal.com;) of Weekley, Schulte, Valdes, Murman, Tonelli, 1635 North Tampa Street, Tampa, FL 33602 (Counsel for Simmons) on this 5th day of April, 2023.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
Counsel for Plaintiff
1641 Worthington Road, Ste 300
West Palm Beach, FL 33409
Phone: (561) 697-4440
VoltzAnthony7756920@projects.filevine.com
PMcBride@800goldlaw.com
CBrito@800goldlaw.com
SGoldman@800goldlaw.com

By:  */s/ Paul William McBride*
     **PAUL WILLIAM McBRIDE, ESQ.**
     *Florida Bar Number: 1003056*