IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR SUMTER COUNTY, FLORIDA

**CASE NO.: 2022CA000463**

ANTHONY S. VOLTZ,

    Plaintiff,

vs.

TA OPERATING LLC, a Foreign Limited Liability Company, d/b/a TRAVEL CENTERS OF AMERICA; HPT TA PROPERTIES TRUST, a Declaration of Trust; and JAMES R. SIMMONS, JR., Individually,

    Defendants.

_____/

## **COMPLAINT**

COMES NOW the Plaintiff, ANTHONY S. VOLTZ, by and through his undersigned attorneys, and hereby sues the Defendants, TA OPERATING LLC, a Foreign Limited Liability Company, d/b/a TRAVEL CENTERS OF AMERICA; HPT TA PROPERTIES TRUST, a Declaration of Trust; and JAMES R. SIMMONS, JR., Individually, and alleges as follows:

## **GENERAL ALLEGATIONS**

1. This is an action for damages in excess of the sum of Thirty Thousand and One ($30,001.00) Dollars, exclusive of costs, interest and attorney's fees.

2. At all times material hereto, the Plaintiff, ANTHONY S. VOLTZ, was a resident of St. Lucie County, Florida.

3. At all times material hereto, the Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, is and was a corporation duly licensed and authorized to conduct business in the State of Florida, and doing business in Sumter County, Florida.

**EXHIBIT A**

4. At all times material hereto, the Defendant, HPT TA PROPERTIES TRUST, is and was a corporation duly licensed and authorized to conduct business in the State of Florida, and doing business in Sumter County, Florida.

5. At all times material hereto, JAMES R. SIMMONS, JR., was a truck driver stopped at Defendants', TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA and HPT TA PROPERTIES TRUST, truck stop where Plaintiff's incident occurred and was the subject shooter.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA

6. The Plaintiff, ANTHONY S. VOLTZ, hereby re-alleges and re-avers each and every General Allegation contained in paragraphs 1-5, above, as though fully set forth herein.

7. On or about May 31, 2020, the Plaintiff, ANTHONY S. VOLTZ, was lawfully on the Defendant's premises located at 556 East SR 44, Wildwood, Florida and known as Travel Centers of America.

8. On or about, May 31, 2020, the Plaintiff, ANTHONY S. VOLTZ, was criminally attacked on the property owned, operated and/or managed by the Defendant.

9. At all material times the Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, owned and/or was in actual possession, custody, control of, and had the right to possession, custody and control of, provided or was responsible to provide security at the above listed property and therefore owed the Plaintiff, an invitee, non-delegable duties of care to warn and protect him from dangerous conditions.

10. At all material times the Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, through its agents and employees, owed a non-delegable duty to its truck drivers and invitees, to exercise reasonable and ordinary care to maintain its premises in a condition reasonably safe for use by its truck drivers and invitees. In particular, the Defendant had

a non-delegable duty to take such precautions as were reasonably necessary to protect its truck drivers and invitees, including the Plaintiff, ANTHONY S. VOLTZ, from reasonably foreseeable criminal attacks at the premises.

11.    At all material times, the Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, through its agents and employees, knew or in the exercise of reasonable care should have known that their premises, and areas adjacent hereto, was in a high crime area, that there had been numerous criminal acts and attacks perpetrated on the Defendant's truck drivers and invitees, and these acts would continue unless the Defendant took steps to provide proper security.

12.    At all material times the Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, through its agents and employees, knew or in the exercise of reasonable care should have known that numerous violent criminal acts, had occurred on the premises and/or adjacent areas thereto prior to May 31, 2020.

13.    The Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including the Plaintiff, ANTHONY S. VOLTZ, had it within their power to take the measures necessary to provide for his own security on the premises.

14.    As a result of the paragraphs above, at all material times the criminal attack on the Plaintiff, ANTHONY S. VOLTZ, was reasonably foreseeable and preventable, and the Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, was in a superior position to appreciate such dangers and take necessary steps to prevent harm to the truck drivers and invitees.

15.    At the above- mentioned time and place, the Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, by and through its agents and employees, breached its

duty to exercise ordinary and reasonable care for the safety and protection of the truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ, through the following acts or omission or commissions:

- A. Failing to provide adequate security for its truck drivers and invitees, including the Plaintiff, ANTHONY S. VOLTZ;

- B. Failing to warn its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ, of the nature and character of as well as crimes occurring upon the Defendant's property and surrounding area when it knew or in the exercise of reasonable care should have known that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on or near the Defendant's premises prior to the incident complained of;

- C. Failing to protect, guard, and secure the safety of its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ, when the Defendant knew or should have known that the subject premises had a history of similar criminal acts being committed in the area, hereby creating a dangerous condition of those individuals on the property of Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA;

- D. Failing to police, patrol, guard, deter and otherwise provide adequate protection for its truck drivers and invitees, when the Defendant knew or should have known of foreseeable criminal acts;

- E. Failing to hire and/or retain any adequate private security personnel and/or off duty police officers to patrol and/or monitor the Defendant's, TA OPERATING LLC,

        d/b/a TRAVEL CENTERS OF AMERICA, premises, thereby protecting its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ;

F. Failing to have a sufficient number of security guards in visible areas to deter crime, thereby protecting its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ;

G. Failing to have an adequate number of security guards to protect its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ;

H. Failing to hire and/or retain competent security guards to protect its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ;

I. Failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ;

J. Failing to properly light the subject premises thereby creating an unsafe condition for invitees;

K. Failing to have surveillance cameras and/or operable security cameras in such locations throughout the premises, including but not limited to the exterior of buildings and parking lots to deter crime;

L. Failing to have an adequate number of surveillance cameras and/or functioning and operational cameras on the premises and surrounding areas, including but not limited to the areas of the premises where the instant incident occurred;

M. Failing to position operable surveillance in appropriate locations such that the Defendant's, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, parking lot and/or rest area where the Plaintiff was attacked was adequately

5

  monitored, and/or said cameras would act as a deterrent against the criminal activity;

N.  Failing to have and/or maintain surveillance cameras in working order such that every camera was able to monitor and record activity in its line of view;

O.  Failing to implement adequate security policies, security measures, and security procedures necessary to protect Plaintiff, ANTHONY S. VOLTZ, and other truck drivers and invitees;

O.  Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

P.  Failing to adequately provide an overall security plan that would meet known industry standards and customs for safety in the community;

Q.  Failing to act to remove and/or address criminals who attacked its truck drivers and invitees;

R.  Failing to have working entrance gates or a manned guardhouse at the subject premises;

S.  Failing to provide the level and type of security as outlined in the lease agreement between the Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, and Defendant, HPT TA PROPERTIES TRUST.

T.  The preceding paragraphs "A" through "S", individually and/or as a whole represent strict deviations from the existing standard of care with regard to security as recognized by similar rest stops in the local community; and;

U.  Additional acts of negligence not yet discovered.

16. The Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, through its agents and employees, failed to have any procedures governing the inspection, supervision, and/or security of the premises where the subject incident occurred; or in the alternative:

   A. The Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, through its agents and employees, did in fact have procedures governing the inspection, supervision, and security of the premises where the subject incident occurred; however, the Defendant failed to implement said procedures; or in the alternative;

   B. The Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, through its agents and employees, did have procedures governing the inspection, supervision, and security of the area where the subject incident occurred, but implemented same in a careless and negligent manner.

17. At all material times, the Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, through its agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure the safety of its truck drivers and invitees, including the areas of the subject premises where the subject incident occurred.

18. The Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, through its agents, servants, and employees, created and/or allowed to be created said dangerous conditions as stated above on the subject premises. Further, the Defendant failed to warn its truck drivers and invitees, including but not limited to the Plaintiff, ANTHONY S. VOLTZ, of the existence of said dangerous conditions; or in the alternative, did allow said

dangerous conditions to exist for a length of time sufficient in which a reasonable inspection would have disclosed danger.

19. The negligence of the Defendant proximately caused injury to the Plaintiff, ANTHONY S. VOLTZ, and directly led to the criminal attack of Plaintiff, ANTHONY S. VOLTZ, in that:

    A. There was inadequate and/or nonexistent visible deterrence to prevent said criminal assault.

    B. There was inadequate and/or nonexistent deterrence to prevent said criminal assault.

    C. Criminals could carry out physical assaults on the Defendant's premises without fear of being caught, discovered, and/or prosecuted.

    D. An atmosphere was created at the Defendant's premises which facilitated the commission of crimes against persons.

20. As a direct and proximate result of the negligence of the Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, the Plaintiff, ANTHONY S. VOLTZ, was criminally attacked on the property.

WHEREFORE, Plaintiff, ANTHONY S. VOLTZ, demands judgment for damages against Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, plus fees, costs and interest of this action by the language of the lease agreement and Florida law and further demands trial by jury.

### COUNT II – NEGLIGENCE AGAINST DEFENDANT, HPT TA PROPERTIES TRUST

21. The Plaintiff, ANTHONY S. VOLTZ, hereby re-alleges and re-avers each and every General Allegation contained in paragraphs 1-5, above, as though fully set forth herein.

22. On or about May 31, 2020, the Plaintiff, ANTHONY S. VOLTZ, was lawfully on the Defendant's premises located at 556 East SR 44, Wildwood, Florida and known as Travel Centers of America.

23. On or about, May 31, 2020, the Plaintiff, ANTHONY S. VOLTZ, was criminally attacked on the property owned, operated and/or managed by the Defendant.

24. At all material times the Defendant, HPT TA PROPERTIES TRUST, owned and/or was in actual possession, custody, control of, and had the right to possession, custody and control of, provided or was responsible to provide security at the above listed property and therefore owed the Plaintiff, an invitee, non-delegable duties of care to warn and protect him from dangerous conditions.

25. At all material times the Defendant, HPT TA PROPERTIES TRUST, through its agents and employees, owed a non-delegable duty to its truck drivers and invitees, to exercise reasonable and ordinary care to maintain its premises in a condition reasonably safe for use by its truck drivers and invitees. In particular, the Defendant had a non-delegable duty to take such precautions as were reasonably necessary to protect its truck drivers and invitees, including the Plaintiff, ANTHONY S. VOLTZ, from reasonably foreseeable criminal attacks at the premises.

26. At all material times, the Defendant, HPT TA PROPERTIES TRUST, through its agents and employees, knew or in the exercise of reasonable care should have known that their premises, and areas adjacent hereto, was in a high crime area, that there had been numerous criminal acts and attacks perpetrated on the Defendant's truck drivers and invitees, and these acts would continue unless the Defendant took steps to provide proper security.

27. At all material times the Defendant, HPT TA PROPERTIES TRUST, through its agents and employees, knew or in the exercise of reasonable care should have known that

numerous violent criminal acts, had occurred on the premises and/or adjacent areas thereto prior to May 31, 2020.

28. The Defendant, HPT TA PROPERTIES TRUST, through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including the Plaintiff, ANTHONY S. VOLTZ, had it within their power to take the measures necessary to provide for his own security on the premises.

29. As a result of the paragraphs above, at all material times the criminal attack on the Plaintiff, ANTHONY S. VOLTZ, was reasonably foreseeable and preventable, and the Defendant, HPT TA PROPERTIES TRUST, was in a superior position to appreciate such dangers and take necessary steps to prevent harm to the truck drivers and invitees.

30. At the above- mentioned time and place, the Defendant, HPT TA PROPERTIES TRUST, by and through its agents and employees, breached it duty to exercise ordinary and reasonable care for the safety and protection of the truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ, through the following acts or omission or commissions:

A. Failing to provide adequate security for its truck drivers and invitees, including the Plaintiff, ANTHONY S. VOLTZ;

B. Failing to warn its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ, of the nature and character of as well as crimes occurring upon the Defendant's property and surrounding area when it knew or in the exercise of reasonable care should have known that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on or near the Defendant's premises prior to the incident complained of;

C. Failing to protect, guard, and secure the safety of its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ, when the Defendant knew or should have known that the subject premises had a history of similar criminal acts being committed in the area, hereby creating a dangerous condition of those individuals on the property of Defendant, HPT TA PROPERTIES TRUST;

D. Failing to police, patrol, guard, deter and otherwise provide adequate protection for its truck drivers and invitees, when the Defendant knew or should have known of foreseeable criminal acts;

E. Failing to hire and/or retain any adequate private security personnel and/or off duty police officers to patrol and/or monitor the Defendant's, HPT TA PROPERTIES TRUST, premises, thereby protecting its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ;

F. Failing to have a sufficient number of security guards in visible areas to deter crime, thereby protecting its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ;

G. Failing to have an adequate number of security guards to protect its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ;

H. Failing to hire and/or retain competent security guards to protect its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ;

I. Failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its truck drivers and invitees, including Plaintiff, ANTHONY S. VOLTZ;

11

J. Failing to properly light the subject premises thereby creating an unsafe condition for invitees;

K. Failing to have surveillance cameras and/or operable security cameras in such locations throughout the premises, including but not limited to the exterior of buildings and parking lots to deter crime;

L. Failing to have an adequate number of surveillance cameras and/or functioning and operational cameras on the premises and surrounding areas, including but not limited to the areas of the premises where the instant incident occurred;

M. Failing to position operable surveillance in appropriate locations such that the Defendant's, HPT TA PROPERTIES TRUST, parking lot and/or rest area where the Plaintiff was attacked was adequately monitored, and/or said cameras would act as a deterrent against the criminal activity;

N. Failing to have and/or maintain surveillance cameras in working order such that every camera was able to monitor and record activity in its line of view;

O. Failing to implement adequate security policies, security measures, and security procedures necessary to protect Plaintiff, ANTHONY S. VOLTZ, and other truck drivers and invitees;

P. Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

Q. Failing to adequately provide an overall security plan that would meet known industry standards and customs for safety in the community;

R. Failing to act to remove and/or address criminals who attacked its truck drivers and invitees;

    S.    Failing to have working entrance gates or a manned guardhouse at the subject premises;

    T.    Failing to provide the level and type of security as outlined in the lease agreement between the Defendant, TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, and Defendant, HPT TA PROPERTIES TRUST.

    U.    The preceding paragraphs "A" through "S", individually and/or as a whole represent strict deviations from the existing standard of care with regard to security as recognized by similar rest stops in the local community; and;

    V.    Additional acts of negligence not yet discovered.

31.    The Defendant, HPT TA PROPERTIES TRUST, through its agents and employees, failed to have any procedures governing the inspection, supervision, and/or security of the premises where the subject incident occurred; or in the alternative:

    A.    The Defendant, HPT TA PROPERTIES TRUST, through its agents and employees, did in fact have procedures governing the inspection, supervision, and security of the premises where the subject incident occurred; however, the Defendant failed to implement said procedures; or in the alternative;

    B.    The Defendant, HPT TA PROPERTIES TRUST, through its agents and employees, did have procedures governing the inspection, supervision, and security of the area where the subject incident occurred, but implemented same in a careless and negligent manner.

32.    At all material times, the Defendant, HPT TA PROPERTIES TRUST, through its agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure

the safety of its truck drivers and invitees, including the areas of the subject premises where the subject incident occurred.

33. The Defendant, HPT TA PROPERTIES TRUST, through its agents, servants, and employees, created and/or allowed to be created said dangerous conditions as stated above on the subject premises. Further, the Defendant failed to warn its truck drivers and invitees, including but not limited to the Plaintiff, ANTHONY S. VOLTZ, of the existence of said dangerous conditions; or in the alternative, did allow said dangerous conditions to exist for a length of time sufficient in which a reasonable inspection would have disclosed danger.

34. The negligence of the Defendant proximately caused injury to the Plaintiff, ANTHONY S. VOLTZ, and directly led to the criminal attack of Plaintiff, ANTHONY S. VOLTZ, in that:

    A. There was inadequate and/or nonexistent visible deterrence to prevent said criminal assault.

    B. There was inadequate and/or nonexistent deterrence to prevent said criminal assault.

    C. Criminals could carry out physical assaults on the Defendant's premises without fear of being caught, discovered, and/or prosecuted.

    D. An atmosphere was created at the Defendant's premises which facilitated the commission of crimes against persons.

35. As a direct and proximate result of the negligence of the Defendant, HPT TA PROPERTIES TRUST, the Plaintiff, ANTHONY S. VOLTZ, was criminally attacked on the property.

WHEREFORE, Plaintiff, ANTHONY S. VOLTZ, demands judgment for damages against Defendant, HPT TA PROPERTIES TRUST, plus fees, costs and interest of this action by the language of the lease agreement and Florida law and further demands trial by jury.

**COUNT III – NEGLIGENCE AGAINST DEFENDANT, JAMES R. SIMMONS, JR.**

36. The Plaintiff, ANTHONY S. VOLTZ, hereby re-alleges and re-avers each and every General Allegation contained in paragraphs 1-5, above, as though fully set forth herein.

37. On or about May 31, 2020, the Plaintiff, ANTHONY S. VOLTZ, was lawfully on the Defendant's premises located at 556 East SR 44, Wildwood, Florida and known as Travel Centers of America.

38. On or about, May 31, 2020, the Plaintiff, ANTHONY S. VOLTZ, was criminally attacked by Defendant, JAMES R. SIMMONS, JR., on the property mentioned above.

39. The Defendant, JAMES R. SIMMONS, JR., owned, operated, managed and/or was in control of his own truck and trucking business, Simmons Trucking at the time of the incident.

40. At the time and place aforesaid, the Plaintiff was legally upon the property of the Defendant as a business invitee and as a member of the general public that was expressly or impliedly invited upon said premises for the benefit of the Plaintiff and was injured when the Defendant, JAMES R. SIMMONS, JR., shot him in the head in the parking lot/rest area for truckers.

41. At the time and place aforesaid, the Defendant, while acting within the scope and course of such employment, was negligent in one or more of the following ways

    a. Failing to maintain his person in a reasonably safe manner.

    b. Failing to stay out of others way or business.

    c. Failing to warn plaintiff about a dangerous condition that the defendant reasonably did or reasonably should have had superior knowledge about and that plaintiff did not know existed.

    d. Failing to call authorities when he felt in danger instead of taking matters into his own hands.

    e. Creating the dangerous condition by his actions.

    f. By engaging in a negligent or unreasonable mode of business operation.

    g. Failing to accurately use his concealed weapon.

    h. Failing to use his training on when it is appropriate to use his firearm.

    i. The condition occurred with regularity and was therefore foreseeable.

    j. In other ways to be determined in discovery.

42. The Defendant, JAMES R. SIMMONS, JR., had actual or constructive knowledge of the dangerous condition and failed to take action to remedy it.

43. The Defendant, JAMES R. SIMMONS, JR., had a non-delegable duty to the general public to properly maintain his person in a reasonably safe condition for the general public while they were on the premises, especially in view of the fact that such condition was known or should have been known to the Defendant.

44. As a direct and proximate result of the negligence of Defendant, JAMES R. SIMMONS, JR., the Plaintiff, ANTHONY S. VOLTZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and aggravation of a pre-existing condition.  The losses are either permanent or continuing in nature and Plaintiff, ANTHONY S. VOLTZ, will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, ANTHONY S. VOLTZ, demands judgment for damages against the Defendant, JAMES R. SIMMONS, JR., plus costs and post judgment interest and further demands trial by jury.

Dated this 13th day of September, 2022.

                LAW OFFICES OF CRAIG GOLDENFARB, P.A.
                Counsel for Plaintiff
                1800 S. Australian Avenue, Suite 400
                West Palm Beach, FL 33409
                Phone: (561) 697-4440
                VoltzAnthony7756920@projects.filevine.com
                PMcBride@800goldlaw.com
                CBrito@800goldlaw.com
                RPeart@800goldlaw.com

By: */s/ Paul William McBride*
       **PAUL WILLIAM McBRIDE, ESQ.**
       *Florida Bar Number: 1003056*