**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ANTHONY S. VOLTZ,**

    **Plaintiff,**

**v.**                                                          **Case No: 5:22-cv-431-JSM-PRL**

**TA OPERATING, LLC, HPT TA**
**PROPERTIES TRUST and JAMES R.**
**SIMMONS, JR.,**

    **Defendants.**

## ORDER

This matter is before the Court on Defendants, TA Operating, LLC and HPT TA Properties Trust's, motion to strike Plaintiff's expert disclosures (Doc. 18) and Plaintiff's motion for an extension of case deadlines. (Doc. 24). The Court heard argument on the motions at a hearing on April 12, 2023.

Pursuant to the Court's Case Management and Scheduling Order, Plaintiff's expert disclosures were due by February 15, 2023. (Doc. 14). On that deadline, Plaintiff served "Plaintiff's Expert Witness List" which included: "Michael Gerard, Robson Forensics, Inc., 354 North Prince Street, Lancaster, PA 17603." (Doc. 18 at 22-25). The following information was provided:

> Mr. Gerard relies to form his opinion based on his skill, education, and experience. It is anticipated that Mr. Gerard will testify regarding the conditions of the property on which this incident occurred and specifically regarding conditions such as lighting, security, etc. which are alleged to have negligently created an unsafe and/or dangerous premises. Mr. Gerard's C.V. is attached. (Exhibit B).

No written report accompanied the disclosure.

In addition, the witness list identified treating physicians who Plaintiff claims are not retained experts and who "will be testifying in their capacity as experts in their field and with respect to Plaintiff's medical condition." The disclosure did not provide the specific subject matter on which each witness is expected to present evidence nor did it provide a summary of the facts and opinions to which each witness is expected to testify.

There is no dispute that these disclosures are legally insufficient and fail to comply with the requirements clearly set forth in Rule 26(a)(2)(B) & (C) of the Federal Rules of Civil Procedure. When, as here, a party fails to comply with the requirements of Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1), Fed. R. Civ. P.

Plaintiff's counsel argues that the failure was substantially justified because he has struggled to manage his workload due to a hand injury in December 2022 and a bout of COVID in January 2023. While health issues can certainly support a finding of substantial justification, Plaintiff's counsel has failed to offer a compelling explanation as to why he never sought an extension of time to file his expert disclosures or why he has done nothing to supplement his expert disclosures since Defendants filed their motion to strike weeks ago.

Nevertheless, the Court agrees that any prejudice is minimal given the posture of the case and the fact that it is not set for trial until January 2024. With that said, the Court recognizes Defendants' concern that the belated expert disclosures could result in Defendants having to re-take depositions or conduct additional discovery. Accordingly, while the Court will grant Plaintiff another opportunity to properly disclose his experts, the Court will make all efforts to minimize any prejudice to Defendants.

Accordingly, Defendants' motion to strike Plaintiff's expert witnesses (Doc. 18) is **DENIED** and Plaintiff's motion for extension of deadlines (Doc. 24) is **GRANTED** in part. The following deadlines are hereby established:

| | |
|---|---|
| Plaintiff's Expert Disclosure: | April 28, 2023 |
| Defendants' Expert Disclosure: | May 30, 2023 |
| Discovery Deadline: | June 30, 2023 |
| Dispositive Motion Deadline: | July 28, 2023 |
| Daubert Motion Deadline: | July 28, 2023 |

Plaintiff's expert disclosure shall be limited to Mr. Gerard and those treating providers previously disclosed. Mr. Gerard's opinion shall be limited to the theories of liability identified in Plaintiff's initial disclosure. Plaintiff shall insure that his expert disclosures comply with the requirements set forth in Rule 26(a)(2)(B) & (C). If Defendants need to re-depose fact witnesses based on theories of liability set forth in expert disclosures, Defendants may file a motion with the Court requesting that Plaintiff bear the costs.

**DONE** and **ORDERED** in Ocala, Florida on April 13, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties